

# The Attorney General of Texas

June 16, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James S. McGrath
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas    77704

Opinion No. JM-38

Re:   Whether  community  mental
health/mental retardation center
may provide union dues checkoffs
for employees

Dear Mr. McGrath:

You have requested our opinion as to whether a mental health/mental retardation community center may provide union dues checkoffs for its employees.

The Mental Health/Mental Retardation Center for Southeast Texas was created by the governing bodies of Jefferson, Chambers, and Orange Counties, pursuant to section 3.01 of article 5547-203, V.T.C.S. Subsection (c) thereof provides:

> A community center is an agency of the state and a unit of government as defined by Section 2, Texas Tort Claims Act (Article 6252-19, Vernon's Texas Civil Statutes).

Article 6813e, V.T.C.S., adopted by the legislature in 1981, prohibits a "state governmental body" from making a deduction from the compensation of an officer or employee paid in whole or part from state funds unless the deduction is authorized by law. Article 6813e provides in part:

> Section 1.   In this Act, 'state governmental body' means:
>
> (1) a board, commission, department, office, or other agency that is in the executive branch of state government and that was created by the constitution or a statute of the state, including an institution of higher education as defined by Section 61.003, Texas Education Code, as amended;
>
> (2)   the legislature or a legislative agency; or

> (3)  the Supreme Court, the Court of Criminal
> Appeals, a court of civil appeals, or the State
> Bar of Texas or another state judicial agency.

We must determine whether a community mental health/mental retardation center is a "state governmental body" within article 6813e, V.T.C.S. A "state governmental body" is a body created by the constitution or a statute of the state. V.T.C.S. art. 6813e, §1. Community centers may be established by various local agencies. See V.T.C.S. art. 5547-203, §3.01. The community centers are established by local agencies pursuant to statute, but they are not actually established by statute. Thus, the prohibitions of article 6813e, V.T.C.S., do not apply to them.

Next we must determine whether a community mental health/mental retardation center has express or implied statutory authority to institute a dues checkoff program. Prior opinions of this office have concluded that a county could not authorize payroll deductions at an employees' request for labor union dues or credit union savings plans without express statutory authority. Attorney General Opinions M-334 (1969); WW-1107 (1961). See also Attorney General Opinion M-613 (1970). On two occasions this office has concluded that a state agency or political subdivision with broad statutory powers had implied authority to make payroll deductions from employees' wages for union dues. See Attorney General Opinions MW-130 (1980); H-1125 (1978). Governmental bodies not subject to article 6813e, V.T.C.S., are left in the same position with respect to payroll deductions that they occupied before its enactment. A community mental health/mental retardation center did not acquire any additional power to institute payroll deduction programs by the enactment of article 6813e.

Section 3.08 of article 5547-203 provides:

> The board or director may employ and train personnel for the administration of the various programs and services of a community center. The board shall provide appropriate rights, privileges and benefits to the employees of a community center consistent with those rights, privileges and benefits available to employees of the governing bodies which establish the center and is authorized to provide and may provide workmen's compensation benefits. The number of employees and their salaries shall be as prescribed by the board of trustees, as approved by the Commissioner. (Emphasis added).

As already noted, the Mental Health/Mental Retardation Center for Southeast Texas was created by the governing bodies of three counties.

Article 2372h-4, V.T.C.S., provides, with respect to some counties:

(a) The commissioners court of any county of 20,000 or more population may authorize payroll deductions to be made from the wages and salaries of county employees, on each employee's written request, to a credit union, to pay membership dues in a labor union or a bona fide employees association, and to pay fees for parking in county owned facilities.

(b) Each employee requesting a deduction under this Act shall submit to the county auditor a written request indicating the amount to be deducted from the employee's wages or salary and to transfer the withheld funds to the credit union, proper labor union or employees association, or county funds. The request shall remain in effect until the county auditor receives written notice of revocation signed by the employee.

(c) The amount deducted from an employee's wages or salary for the purpose stated in this Act shall not be more than the amount stipulated in the written request.

(d) Participation in the program authorized by this Act is voluntary on the part of any county employee and the county.

Sec. 2. The provisions of this Act shall not alter, amend, modify, or repeal any of the provisions of Chapter 135, Acts of the 50th Legislature, 1947 (Article 5154c, Vernon's Texas Civil Statutes).

Sec. 3. Public funds shall not be used to defray the administrative cost of making the deductions authorized under this Act, except those deductions relating to payment for parking. The credit union, labor union or employees association shall pay the full and complete administrative cost, if any, as determined and approved by the commissioners court of the deductions made for their benefit under this Act.

Two of the three counties which established this center have authority under article 2372h-4, V.T.C.S., to make payroll deductions for union dues and have exercised this authority. One of the three counties has a population of under 20,000 people and therefore lacks authority to permit such deductions for its employees. See Attorney General Opinion M-334 (1969).

A payroll deduction for union membership dues is, in our opinion, a "right, privilege, or benefit" within section 3.08 of article 5547-203, V.T.C.S. The question is whether the board of the Southwest Center must make such payroll deductions available to its employees in order to provide them with rights, privileges, and benefits consistent with those enjoyed by employees of the governing bodies of the three counties which established the center. "Consistent" has been defined as follows:

> Having agreement with itself or something else; accordant; harmonious; congruous; compatible; compliable; not contradictory.

Black's Law Dictionary 279 (5th ed. 1979). In this particular case, the three founding counties are not consistent among themselves with respect to offering payroll deduction for union dues. Two counties make this option available to its employees, while one does not. In such a case, where the practice of the founding counties is internally inconsistent, we believe the board of the Southwest Mental Health/ Mental Retardation Center is permitted, but not required, to offer payroll deductions for union dues to its employees. If the center offers payroll deductions, its action will be consistent with the practice of two of the three founding counties. If it does not offer such deductions, its action will be consistent with that of the third county. In neither case will the board's practice with respect to the dues deduction privilege be wholly inconsistent with the practice of the three founding counties. If the board chooses to authorize payroll deductions for union dues, it must do so in accordance with the provisions of article 2372h-4, V.T.C.S., which provides that public funds not be used to defray the administrative cost of making the deductions.

In this case we have had to determine whether a particular employee right, privilege, or benefit is consistent with that offered by a group of three counties, where two counties offer the benefit in its entirety and one offers it not at all. A different approach to determining consistency might be necessary to deal with another kind of benefit, for example, insurance with different benefit levels available to employees in each of the counties which established the center. We express no opinion on what constitutes "consistent" rights, privileges, or benefits under article 5547-203, section 3.01, when another kind of right, privilege, or benefit is at issue.

## S U M M A R Y

Community mental health/mental retardation centers established pursuant to section 3.01 of article 5547-203, V.T.C.S., are not subject to article 6813e, V.T.C.S.  The Mental Health/Mental Retardation Center for Southeast Texas created by the governing bodies of Jefferson, Chambers, and Orange Counties has permissive authority under section 3.08 of article 5547-203 and section 1 of article 2372h-4, V.T.C.S., to authorize payroll deductions at the employees' request for payment of union membership dues.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
David Brooks
Jim Moellinger
Nancy Sutton